# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| ARMSTRONG AND GUY LAW OFFICE, LLC | CASE NO. 07-02459-EE |
| | |
| IN RE: | CHAPTER 11 |
| ARMSTRONG, GATLIN & GUY, PLLC | CASE NO. 07-02460-EE |
| | |
| IN RE: | CHAPTER 11 |
| NANCY GUY ARMSTRONG | CASE NO. 07-02461-EE |
| | |
| IN RE: | CHAPTER 11 |
| MICHAEL J. MILLER | CASE NO. 07-02462-EE |

Hon. Douglas C. Noble
P. O. Box 23066
Jackson, MS 39225-3066                                   Attorney for the Movants

Hon. Craig M. Geno
P. O. Box 3380
Ridgeland, MS 39158-3380                                 Attorney for Debtors

Edward Ellington, Judge

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTIONS FOR RELIEF FROM AUTOMATIC STAY

On November 9, 2007, there came on for hearing (the "hearing") the *Motion for Relief from Automatic Stay* filed in each of the four above-styled cases (Dk. No. 21, Dk. No. 21, Dk. No. 25, Dk. No. 24 respectively) by Ezequiel Reyna, the Law Offices of Ezequiel Reyna, and Dan Homolka (the "Movants"), the *Answer, Response and Opposition to Motion for Relief from Automatic Stay* filed in each of the four above-styled cases (Dk. No. 39, Dk. No. 37, Dk. No. 42, Dk. No. 45 respectively)

by Armstrong and Guy Law Office, LLC, Armstrong, Gatlin & Guy, PLLC, Nancy Guy Armstrong, and Michael J. Miller (the "Debtors"), and the *Reply in Support of Motion for Relief from Automatic Stay* filed in each of the above-styled four cases (Dk. No. 65, Dk. No. 49, Dk. No. 86, Dk. No. 106 respectively) by the Movants. The Court having considered the testimony and evidence presented at the Hearing together with the legal memoranda filed by the parties, concludes for the following reasons that the Movants' motions are well taken and should be granted as follows:[1]

## Jurisdiction

This Court has jurisdiction over the parties and the subject matter of these proceedings pursuant to 28 U.S.C. § 1334. These are core proceedings under 28 U.S.C. § 157 (b)(2)(A) and (G). Notice of the motions and objections was proper under the circumstances.

## Background

The Debtors were scheduled to defend a civil action, styled Ezequiel Reyna, et al. v. Miller & Associates, et al., Case No. M-05-CV-006 (the "underlying litigation"), in the United States District Court for the Southern District of Texas, McAllen Division, before the Honorable Ricardo Hinojosa, on August 13, 2007, in which the Movants are the plaintiffs. In simplified terms, the underlying litigation involves contract and fee-splitting disputes among attorneys involved in the prosecution of numerous Fen-Phen cases.

On August 9, 2007, Debtors filed in this Court voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The automatic stays prevented the trial in the underlying litigation from going forward.

---

[1] The following constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052.

**Discussion**

The issue before the Court is whether the automatic stay should be modified pursuant to § 362 of the Bankruptcy Code[2] to allow the underlying litigation to proceed to trial in the Southern District of Texas. Section 362(d)(1) provides that the bankruptcy court may grant relief from the automatic stay "for cause." Such "cause" includes allowing an action to proceed to completion in another tribunal. In re Curtis, 40 B.R. 795, 799 (Bankr. D. Utah 1984); *see also* H.R. Rep. No. 595, 95th Cong., 1st Sess., 341 (1977)("It will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere."). Courts have developed twelve factors to examine when determining whether "cause" exists to modify the stay to allow litigation to proceed in another forum. They are:

1. Whether the relief will result in a partial or complete resolution of the issues;
2. The lack of any connection with or interference with the bankruptcy case;
3. Whether the foreign proceeding involves the debtor as a fiduciary;
4. Whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has the expertise to hear such cases;
5. Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;
6. Whether the action essentially involves third parties and the debtor functions only as a bailee or conduit for the goods or proceeds in question;
7. Whether litigation in another forum would prejudice the interests of other creditors, the creditors' committee, and other interested parties;
8. Whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c);

---

[2] Hereinafter, all code sections refer to the United States Bankruptcy Code located at Title 11 of the United States Code unless otherwise noted.

      9.      Whether the movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f);
    10.     The interest of judicial economy and the expeditious and economical determination of litigation for the parties;
    11.     Whether the foreign proceedings have progressed to the point where the parties are prepared for trial; and
    12.     The impact of the stay on the parties and the balance of the hurt.

In re Curtis, 40 B.R. at 799-800 (cited favorably in In re Sonnax Industries, Inc., 907 F.2d 1280 (2nd Cir. 1990)); *see also* 3 Collier on Bankruptcy, ¶ 362.07[3][a] (Matthew Bender 15th Ed. Revised 2006) (cause to lift stay includes permitting litigation to be concluded in another forum). Not all of the factors will be relevant in every case. In re Cook, 232 B.R. 554, 557 (Bankr. D.Conn. 1999). In this case, factors 6, 8, and 9 are inapplicable. The Court will collectively address the remaining factors as set forth below:

      1.      Whether the relief will result in a partial or complete resolution of the issues;
      2.      The lack of any connection with or interference with the bankruptcy case;
      3.      Whether the foreign proceeding involves the debtor as a fiduciary;
      4.      Whether a specialized tribunal has been established to hear the particular case of action and that tribunal has the expertise to hear such cases;
      5.      Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;
      7.      Whether litigation in another forum would prejudice the interests of other creditors, the creditors' committee, and other interested parties;
    10.     The interest of judicial economy and the expeditious and economical determination of litigation for the parties;
    11.     Whether the foreign proceedings have progressed to the point where the parties are prepared for trial; and
    12.     The impact of the stay on the parties and the balance of the hurt.

### 1. Resolution of the Issues

Debtors argue that the Court should not modify the automatic stays because a trial in the Southern District of Texas will result in only a partial resolution of the issues, and this Court will

still have to determine the effect of that resolution on the bankruptcy estates. (Dk. No. 98 at p. 2). This Court finds, however, that the resolution offered by a trial of the underlying litigation resolves a vital issue: namely whether the Debtors are liable to the Movants. Movants' claims need to be tried and their damages determined, if any, in order for the Debtors to propose an effective plan of reorganization. Because the underlying litigation has matured fully in Texas, a trial in the Texas forum will be more efficient than starting anew in this Court. While consideration of the first factor alone might weigh in favor of leaving the stay in place, consideration of other factors, in the totality of the circumstances, weighs in favor of modifying the stays to let the underlying litigation proceed to trial in the United States District Court for the Southern District of Texas.

### 2.  Interference with the Bankruptcy Case

Debtors argue that the Court should not modify the stays because a trial in the Southern District of Texas will interfere with the Debtors' bankruptcy cases. (Hr'g Tr. at 61 - 64). A trial of the issues in the underlying litigation will interfere to a degree with the administration of the Debtors' bankruptcy cases. That interference will occur, however, regardless of whether the trial takes place in the Southern District of Texas or in this Court. Therefore, consideration of the second factor is neutral and does not weigh in favor of or against modifying the stays.

### 3 and 4.  Debtor as a Fiduciary and Governing Law

In regard to the third and fourth factors, the evidence at the hearing demonstrated that the majority of the claims and defenses asserted in the underlying litigation are governed by Texas law (Hr'g. Tr. at 25). As previously stated, the underlying litigation involves contract and fee-splitting disputes among attorneys involved in the prosecution of numerous Fen-Phen cases. The nature of the relationship between the Movants and Debtors, and whether that relationship created fiduciary

duties, will be determined according to Texas law. Debtors have asserted defenses based on the Texas rules of professional responsibility governing attorneys. Those defenses also are controlled by Texas law regarding the Texas rules. The United States District Court for the Southern District of Texas is better prepared and equipped to make determinations as to Texas law than is this Court. Since Texas law governs the majority of the legal issues in the underlying litigation, consideration of the third and fourth factors weighs in favor of modifying the automatic stays to let the underlying litigation proceed to trial in the United States District Court for the Southern District of Texas.

### 5. Debtors' Lack of Insurance

In regard to the fifth factor, while counsel for Debtors stated in opening argument that Debtors lacked insurance for the cost of defense or payment of a judgment (Hr'g Tr. at 7), no evidence or testimony was presented at the Hearing to support this assertion. Since the Court has no evidence to consider on the insurance factor, the Court finds that it does not apply. Assuming, for the sake of argument, that the Debtors do not have insurance that would cover the cost of defense or payment of a judgment, the fact remains that the Movant's claims must be resolved in order for the Debtors to propose an effective plan of reorganization. This Court finds that since the underlying litigation has matured fully in the Southern District of Texas, it will be more cost-effective for that court to proceed with the trial on the merits than it would be for this Court to start afresh with factual and legal issues the Southern District of Texas has already covered. For this reason, consideration of judicial economy and the expeditious and economical determination of litigation outweigh the Debtor's lack of insurance.

<u>7, 10, 11 and 12.  Judicial Economy, the Expeditious and Economical Determination of
Litigation, the Potential Prejudice to the Interests of other Creditors,
and Impact of Stay on the Parties</u>

In regard to the remaining factors (7, 10, 11, and 12), the evidence at the hearing established that the trial of the underlying litigation was scheduled to begin on August 13, 2007.  The testimony showed that the parties had hired experts (Hr'g. Tr. at 31), completed discovery, briefed multiple rounds of summary judgment motions (Hr'g. Tr. at 31-32), filed Daubert motions (Hr'g. Tr. at 33), filed pretrial motions (Hr'g. Tr. at 37), submitted their joint Pretrial Order for execution by the Court (Hr'g. Tr. at 37), and identified, marked and numbered their Exhibits (Hr'g. Tr. at 37).  The testimony also established that the majority of the attorneys and experts involved in the underlying litigation practice or reside in Texas (Hr'g. Tr. at 35-37).  Moreover, Judge Hinojosa is familiar with the arguments and was prepared to try the case on August 13, 2007 (Hr'g. Tr. at 40).   In essence, all that remained was jury selection and the trial of the case (Hr'g. Tr. at 37).  The Court finds that given the progressed state of the underlying litigation in the Southern District of Texas, it would be manifestly unfair to ask the Movants to begin anew in this Court at significant and duplicative expense.  Consideration of trial readiness weighs in favor of modifying the automatic stays to allow the underlying litigation to proceed to trial in the United States District Court for the Southern District of Texas.[3]

Debtors' argue that trying the underlying litigation in Texas will result in a hardship for their estates and could potentially prejudice other creditors because it would remove the Debtors from the

---

[3] Additionally, Movants also have claims against Joel Gatlin, an additional defendant in the underlying litigation who has not sought bankruptcy protection.  Those claims will proceed in Texas.  Duplicate trials in Texas and this Court will result in a waste of judicial resources and could possibly result in inconsistent results.

active practice of law and from acting as debtors-in-possession for a significant period of time. Debtors' argument fails to recognize, however, that a trial in this Court also would remove the Debtors from the active practice of law and from acting as debtors-in-possession for a significant period of time.[4] Nonetheless, Movants' claims need to be tried and their damages determined, if any, for Debtors to propose an effective plan of reorganization.  Thus, the Debtors' estates will be affected by a trial of the underlying issues regardless of whether that trial occurs in the Southern District of Texas or here.  This Court finds that since the underlying litigation has matured fully in Texas, a trial in the Texas forum will be more efficient and, therefore, cause less burden to the Debtors' estates and less potential prejudice to other creditors.  Thus, consideration of these factors weighs in favor of modifying the automatic stays to let the underlying litigation proceed to trial in the United States District Court for the Southern District of Texas.

### Other Considerations

Debtors correctly assert that this Court must approve the employment of attorneys and other professionals needed to assist them in the underlying litigation.  For this reason, any modification of the stays should be delayed for a period of time to allow the Debtors to seek such approval.

Also, in the event the Debtors are found to be indebted to the Plaintiffs, the satisfaction of any such indebtednesses should be dealt with by this Court.

### Conclusion

Based on the foregoing, the Court finds that consideration of the relevant factors weighs in favor of modifying the automatic stays to let the underlying litigation proceed to trial in the United

---

[4] No creditors have filed objections to the Movants' Motions for Relief from Automatic Stay.

States District Court for the Southern District of Texas. The Court, therefore, finds that the *Motion for Relief from Automatic Stay* filed in each of the four above-referenced cases (Dk. No. 21, Dk. No. 21, Dk. No. 25, Dk. No. 24 respectively) is well taken and should be granted in part. The Court will grant the modification of the automatic stays as follows:

1. The stays provided by 11 U.S.C. § 362(a) are modified effective February 25, 2008, to allow the underlying litigation, styled Ezequiel Reyna, et al. v. Miller & Associates, et al., Case No. M-05-CV-006, to go forward for all purposes through final judgment, including all appeals;

2. Any such judgment shall not be enrolled as a judicial lien, pending further order of this Court;

3. In the event the Plaintiffs listed in the underlying litigation receive a judgment in their favor, the Plaintiffs shall not proceed with any collection efforts of any kind except through the bankruptcy proceeding, pending further order of this Court.

Separate judgments will be entered in accordance with Federal Rule of Bankruptcy Procedure 9021.

SO ORDERED,